IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,　　　　　　　　　　　No. CR S-07-447 GEB

   vs.

TANGELAR HOUSTON,

        Defendant.　　　　　　　　　　　<u>ORDER</u>

                                    /

        This matter was on calendar on August 10 and 12, 2009, for hearings on defendant's motion to compel the production of the probation officer's "chrono logs." Lauren Cusick, Assistant Federal Defender, appeared for defendant; Ellen Endrizzi, Assistant United States Attorney, appeared for the government.

I. <u>Background</u>

        Defendant is on supervised release after serving a sentence for bank fraud; supervision was transferred to this district from the Western District of Pennsylvania. Docket

/////

/////

/////

/////

1

No. 10-2 at 3, 7-10.  Condition Four of the conditions of supervised release provides:

> Defendant shall make periodic payments of at least ten percent (10%) of her gross monthly income toward the outstanding balance of restitution unless the probation office demonstrates to the court that the payment of a lesser amount is warranted under the circumstances.  Payments shall commence within 30 days of defendant's release from the custody of the Bureau of Prisons.

Docket No. 10-2 at 9.

On March 17, 2009, defendant's probation officer submitted a petition asking the court to put the matter on calendar because of defendant's failure to make restitution payments after she secured employment.  Docket No. 3 at 2-3.  The probation officer summarized the evidence supporting the allegation, which included defendant's monthly supervision reports and payroll records showing defendant's gross income, and noted that he would testify about his interactions with defendant concerning her obligation to make restitution payments.  Docket No. 3 at 6-7.

Before the hearing on the petition, the government gave notice that it intended to present defendant's payroll information and the record of payments against defendant's restitution obligation and to call defendant's probation officer John Poglinco as a witness.  Docket No. 10.

Defendant filed her own memo in anticipation of hearing, which included her "initial motion" for the government to produce Poglinco's statements from defendant's probation file in compliance with Federal Rule of Criminal Procedure 26.2(a).  Counsel noted that Poglinco had informed her he would object to disclosing anything from his file that had not previously been produced.  Docket No. 11 at 2.  The government also objected, arguing that it did not have any materials from the probation file that had not also been provided to the defense.  Docket No. 14 at 3.

The case came on for hearing before the Honorable Garland E. Burrell on July 10, 2009.  Before Officer Poglinco testified, defendant moved for production of her statements

2

contained in the probation file. Docket No. 21-2 at 4[1] (transcript of proceedings).  The court declined to reach the request.  Id. at 5.  Defendant renewed the motion after Poglinco's testimony on direct examination but the court suggested she first question Poglinco about the statements. Id. at 24, 33.  Poglinco then testified that he keeps chronological records or chrono notes of his contacts with defendant as well as third parties.  Id. at 34-35.  He relied on these chrono notes among other things to refresh his recollection as he prepared the petition in this case.  Id. at 35-36.  Poglinco has not given these chrono notes to the government.  Id. at 36.

After further discussion, the parties agreed to place the matter on the criminal duty calendar for resolution.  As part of its opposition, the government has filed the declaration of John Poglinco, who avers he has not provided the probation file or his chronology to counsel for the government nor made it available for her inspection.  Docket No. 21-3 at 2 ¶ 5.  He adds:

> It is the policy of the United States Probation Office for the Eastern District of California to maintain probation files and their contents, including notes, as confidential.  The documents contained in a probation file are not released unless they constitute direct evidence of a violation or are ordered released by a court of competent jurisdiction.

Id. at 2-3 ¶ 6.

II. Analysis

Defendant argues that the chrono notes are "statements" that must be produced following Officer Poglinco's testimony within the meaning and under the authority of Criminal Rules 26.2(a), (f)(1) & g(3) and 32.1(e).  To counter the government's argument that she did not comply with the procedure for obtaining records from the judiciary, defendant argues that Rule 26.2 trumps any such procedure.  The government argues that if the rule takes precedence, defendant's request still fails because Poglinco's statements are not in the government's actual or

/////

---

[1] Generally, the court relies on the page numbers assigned by CM/ECF, but in the case of this transcript appended as an exhibit, it relies on the transcript pagination.

constructive possession.  It also argues that if the chrono notes are otherwise obtainable, defendant has not made a showing of need or materiality.

### A.  Policy On Disclosure

In April 2003, the Administrative Office of the Courts adopted regulations governing requests for testimony and production of documents by employees of the judiciary, including probation officers.  Docket No. 21-5 at 2.  According to these regulations, a request for testimony or records should be supported by a written statement describing the relevance of the material to the legal proceedings for which they are sought, among other things, and should be provided at least fifteen working days before the material is needed.  Docket No. 21-5 at 7 ¶ 6(a) & (b).

Defendant concedes she did not comply with these procedures, but argues they are honored more in the breach than the observance: Poglinco provided a series of documents to both counsel without court order.  The government has submitted a brief memorandum, suggesting that the probation office follows an informal policy or practice of releasing without a court order those things that will be offered as evidence during revocation proceedings.  At a subsequent hearing, both the government and the defense noted that the probation office generally will not release other materials without a court order.  In light of the parties' representations, and the nature of the documents provided to both counsel here, the court declines to find that the release of some documents constitutes a waiver of any confidentiality in the probation officer's files.

### B.  Rule 26.2

Rule 26.2 of the Federal Rules of Criminal Procedure echoes the provisions of 18 U.S.C. § 3500, the Jencks Act; both require government counsel to provide "any statement of the witness that is in their possession" after that witness has testified on direct examination.  A statement is a recording or transcript of a statement, a witness's written statement signed or a statement adopted by the witness.  18 U.S.C. § 3500(e); Fed. R. Crim. P. 26.2 (f).

1  The government has presented evidence, not disputed by the defense, that it does
2  not have the chrono notes in its possession within contemplation of the rule and statute.
3  Compare United States v. Stanfield, 360 F.3d 1346 (D.C. Cir. 2004) (revocation proceedings
4  remanded to district court for factual inquiry into question whether government possessed
5  probation officers' memos).

6  Defense counsel argues that the materials are in the government's constructive
7  possession because the probation office is, in essence, part of the prosecution's team in
8  connection with revocation proceedings. See, e.g., 18 U.S.C. §3603(8)(b). She relies on United
9  States v. Santiago, 46 F.3d 885 (9th Cir. 1995), in which the Court of Appeals recognized that
10 the government must provide materials from those agencies that are part of the prosecution or
11 investigation process. In that case, court concluded that Bureau of Prisons files on inmate
12 informants were deemed to be in the government's constructive possession for purposes of
13 Federal Rule of Criminal Procedure 16.[2]

14 Probation officers are members of the judiciary, not part of the executive branch.
15 18 U.S.C. § 3602(a). Courts have found that even when probation officers seek to revoke
16 probation or supervised release, they are not part of the prosecution:

> In reporting suspected violations and even in recommending a
> particular course of action, the probation officer is simply
> performing [a] statutory duty to assist the court in its supervision
> of individuals on supervised release, which supervision is an
> integral part of the courts' quintessentially judicial function.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

/////
/////
/////

---

[2] Rule 16 governs discovery in criminal cases and includes an "in possession" requirement. That rule also has a materiality requirement, which is not part of Rule 26.2. In Santiago, the court ultimately found that the documents that had not been released were not material.

> [Undertaking the] statutory duty to monitor the conduct and
> condition of an individual on supervised release and to report such
> conduct and condition, including any violations of the conditions
> of release, to the sentencing court . . . [the probation officer] was
> acting as an agent of the Judiciary itself. . . .

United States v. Bermudez-Plaza, 221 F.3d 231, 235 (1st Cir. 2000); see also United States v. Sczubelek, 402 F.3d 175, 188 (3d Cir. 2005) ("law enforcement is an executive function and probation officers serve a supervisory function for the judicial branch").

In addition, several courts have suggested that presentence reports do not constitute Jencks material when they have not been provided to the government. See United States v. McGee, 408 F.3d 966, 973 (7th Cir. 2005); United States v. Sasser, 971 F.2d 470, 479-80 (10th Cir. 1992); Unites States v. Dansker, 537 F.2d 40 (3d Cir. 1976); United States v. Beckford, 962 F.Supp.780, 797 (E.D. Va. 1997).

In light of this authority, this court finds that the chrono notes are not in the government's constructive possession and so are not subject to production under Federal Rule of Criminal Procedure 26.2.

C.  Other Considerations

Defendant argues that the statements in the chrono notes are material and thus subject to disclosure under the authority of United States v. Strifler, 851 F.2d 1197, 1201 (9th Cir. 1988), which recognized that a criminal defendant may have a right of access to a third party's presentence report under the general authority of Brady v. Maryland, 373 U.S. 83 (1963). The government counters that defendant has not shown that the notes themselves will be offered at the further hearing on the revocation petition and so they should not be disclosed under United States v. Donaghe, 924 F.2d 940 (9th Cir. 1991) and United States v. Tham, 884 F.2d 1262 (9th Cir. 1989), which found no error when the defendants were not given access to their probation files before revocation proceedings because no materials from the files were used during the hearings. Donaghe, 924 F.2d at 944; Tham, 884 F.2d at 1265.

/////

6

1    Although Officer Poglinco reviewed his chrono notes before preparing the
2  revocation petition in this case, the notes have not been used during the hearing.  The defense
3  concedes the material that was introduced has been provided.  Under <u>Donaghe</u> and <u>Tham</u>, then,
4  there is no requirement that the defense have access to the notes.
5    In <u>Strifler</u> and in <u>United States v. Alvarez</u>, 358 F.3d 1194, 1207-08  (9th Cir.
6  2004), the Ninth Circuit rejected previous cases finding that presentence reports are not <u>Brady</u>
7  material because they are not in the government's possession, and held that "while a criminal
8  defendant has no constitutional right to examine presentence reports, he is nonetheless entitled to
9  disclosure of *Brady* material contained therein" concerning the "credibility of a significant
10 witness in the case."  In the case of a third party's presentence report, the defense often cannot
11 make any showing of materiality because it is not aware of the contents of the report.  Moreover,
12 in the case of some materials in a probation officer's file, a defendant again might not be in a
13 position to suggest what the files might contain.  In this case, however, defendant herself is in a
14 position to proffer information to suggest that the chrono notes could undercut Poglinco's
15 credibility in his account of defendant's contacts concerning her restitution obligation, yet she
16 has offered nothing.  In this situation, the court finds defendant has not demonstrated a
17 compelling need for the chrono notes.
18   IT IS THEREFORE ORDERED that defendant's motion to compel (docket no.
19 19) is denied.
20 DATED:  August 12, 2009.

_____
U.S. MAGISTRATE JUDGE

22 2
23 houston.mtc